## Kauffman Estate

*Arnold, Bricker, Beyer & Barnes*, for petitioner.
*George C. Xakellis*, contra.

BOWMAN, P. J., July 16, 1959.—Andrew Jackson Laird, a resident of Centreville, Md., claiming to be a creditor of the estate of decedent, filed a petition for a citation to show cause why Anna E. Krall, decedent's administratrix, should not be required to file an inventory. Petitioner alleges that he is a plaintiff in a civil action for damages for personal injuries pending in the United States District Court for the District of Maryland, in which action the administratrix is defendant.

A citation issued and an answer was filed. The answer admits the institution of the suit for personal damages in the United States District Court, but denies

that petitioner is a creditor of the estate by virtue of the pending suit which would support his right to have an inventory filed. The answer asserts that plaintiff is not a creditor, and thus not a party in interest, for the following reasons:

"a. Negligence on the part of the decedent, as the cause of this accident, is denied; and

"b. The Plaintiff in this action is himself guilty of contributory negligence; and

"c. Liability is uncertain and damages are unliquidated and neither issue can be determined until this pending litigation has been terminated; and

"d. Petitioner cannot become a creditor of the above estate until this pending litigation is terminated and even then, may not become a creditor of this estate in the event of an adverse verdict against the Plaintiff and in favor of the Defendant."

At the hearing it was stipulated by counsel for petitioner and counsel for respondent that on April 15, 1958, there was a collision between an automobile then being driven by decedent and an automobile then being driven by petitioner, that the collision occurred near the Village of Calvert in Cecil County, Md., and that the suit to recover damages for injuries to petitioner was filed in the district court averred in the petition against respondent in her capacity as administratrix of the estate of decedent.

Section 401 of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended, 20 PS §320.401, provides:

"(a) General assets. Within three months after his appointment, every personal representative shall file with the register an inventory and appraisement, verified by his affidavit, of all real and personal estate of the decedent, except real estate outside of the Commonwealth. . . .

"(b) Real estate outside of Commonwealth. The inventory shall include at the end a memorandum of

real estate outside of the Commonwealth. The memorandum, at the election of the personal representative, may indicate the value of each item of real estate included therein, but the values so fixed shall not be extended into the total of the inventory or included as real estate in subsequent accountings."

We construe this section to mean exactly what it states. In Yabczynski Estate, 7 D. & C. 2d 597, it was held to be mandatory. The record indicates that on August 5, 1958, letters of administration were granted by the Register of Wills of Lancaster County to respondent. In Becker Estate, 55 Lanc. 115, 117, in which was involved a petition for a citation to file an account, we had occasion to note the observation of Mr. Remick in his Pennsylvania O. C. Practice (4th ed.), vol. 1, p. 353: "This being true [the statutory duty to account] the time and effort given by fiduciaries, their counsel and even the courts, in efforts to find some excuse to avoid this simple duty seem remarkable." That observation may well be applied to the matter before us.

In Fleming's Estate, 10 Dist. R. 259, it is stated: "The obvious purpose for which an inventory is required to be filed within [the statutory time] . . . is that the parties in interest may be informed, while knowledge on the subject is recent, what the estate with which the executor or administrator is chargeable consists of, and thus be enabled to see, when the time for accounting arrives, that no part of it has been lost through his act or default. . . . Its effect is to make him liable, *prima facie*, for all that it contains, and to throw upon him the burden of discharging himself. . . ."

Counsel for respondent in his brief refers us to Greenwald's Estate, 25 Dist. R. 684, in which petitioner who alleged he was a creditor sought the filing

of an account. Petitioner had previously filed suit in the court of common pleas, the disposition of which had not then been effected. While recognizing that the pendency of a suit in common pleas against an executor in his representative character will not prevent plaintiff from maintaining a petition for an account in the orphans' court, it was held that the latter court should dismiss the petition without prejudice, where the averment that petitioner is a creditor is denied in the answer, the cause was at issue when the petition was filed and petitioner's standing as a creditor is necessarily involved in the issue in common pleas. Thus petitioner was required to wait a reasonable time upon the due prosecution of the suit before he could maintain his petition in the orphans' court. That case, of course, involved the matter of filing an account which this petition does not seek.

Why should petitioner not now be informed what assets, if any, comprise the estate of decedent? He is not accused of mere curiosity or meddlesomeness. If there are no assets, he may have little reason to pursue his cause further in the district court. We are not persuaded that respondent or anyone entitled to share in the estate of decedent is prejudiced if she were now asked to do that which section 401 of the Fiduciaries Act required her to do within three months after August 5, 1958. That contingent claims are not without recognition is apparent from a reading of sections 617, 618 and 619 of the Fiduciaries Act. We are satisfied that the status of petitioner is such that the prayer of his petition should be granted.

And now, July 16, 1959, for the foregoing reasons, Anna E. Krall, administratrix of the estate of Eli M. Kauffman, deceased, is directed, within 30 days from the date hereof, to file with the register an inventory, verified by her affidavit, of all the personal estate and real estate, situate in the Commonwealth of Pennsylva-

nia, of decedent and with respect to any real estate of decedent situate outside the Commonwealth, to include the memorandum of such real estate as provided in section 401 of the Fiduciaries Act of 1949; costs to be paid by the estate.